UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
JAMES BONINI
CLERK

06 FEB 22 PM 1:48

| | |
|---|---|
| JOHN R. GAMMINO<br>1345 Coventry Lane<br>Vero Beach, FL 32967,<br><br>          Plaintiff,<br><br>vs.<br><br>CINCINNATI BELL, INC.<br>201 East Fourth Street<br>Cincinnati, OH 45202<br><br>and<br><br>OHIO BELL TELEPHONE COMPANY<br>45 Erieview Plaza<br>Cleveland, OH 44114,<br><br>          Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. **1:06 CV 089**<br><br>**JURY DEMAND ENDORSED**<br>**HEREON**<br><br>WEBER, J.<br><br>J. BLACK |

## COMPLAINT FOR PATENT INFRINGEMENT AND DAMAGES

Plaintiff, John R. Gammino, ("Mr. Gammino"), for his Complaint against Defendants, Cincinnati Bell, Inc. ("Cincinnati Bell") and Ohio Bell Telephone Company ("Ohio Bell"), states as follows:

### PARTIES

1.  Plaintiff, Mr. Gammino, is an adult individual and a resident of the State of Florida who operates his patent licensing business out of the Commonwealth of Pennsylvania.

2.  Defendant Cincinnati Bell is a corporation organized and existing under the laws of the State of Ohio with a registered office address of 201 East Fourth Street, Cincinnati, Ohio 45202.

3. Defendant, Ohio Bell Telephone Company, is a corporation organized and existing under the laws of the State of Ohio with a registered office address of 45 Erieview Plaza, Cleveland, OH, 44114.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338, in that the claims in this action arise under the Patent Act of the United States, 35 U.S.C. § 101 et seq. This Court also has subject matter jurisdiction over this action because the matter in controversy exceeds the sum of $75,000.00 and the parties are citizens of different states

5. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1400(b) in that this is a civil action for patent infringement and Defendants either (i) reside in this judicial district or (ii) committed acts of infringement in this judicial district, and (iii) have a regular and established place of business in this judicial district.

## BACKGROUND FACTS AND INVENTION

6. Plaintiff has filed an action against the defendant Ohio Bell in the United States District Court for the Eastern District of Pennsylvania (the "Pennsylvania case") which complaint against the defendant was dismissed for lack of personal jurisdiction. This complaint is a continuation of the Pennsylvania case.

7. In this country, there had been a major problem of people making fraudulent international telephone calls on payphones and other devices. That fraud led to losses of billions of dollars to telecommunications companies.

8. The international pay phone fraud escalated in the early 1990s after the FCC, pursuant to new federal law, prohibited the blocking of access codes that permit the consumer to reach the operator service provider of the consumer's choice. Once the access codes were

unblocked in payphones and at certain other locations, the fraudulent use of payphones for international calls skyrocketed. At certain payphone sites, losses due to international calls were reaching an average of $1,500 a month per phone. Fortunately, Mr. Gammino invented a solution that prevents that fraud.

9. In 1991, the Port Authority of New York and New Jersey (the "Port Authority") had massive fraud problems with international calls on payphones, particularly at the Port Authority Bus Terminal in New York City. The Port Authority brought in major phone companies to solve the problem. Those companies, including AT&T and New York Telephone (now Verizon), could not solve the Port Authority's fraud problem and reported to the Port Authority that a solution to the problem was "not technically possible."

10. In 1991, John Gammino was hired by the Port Authority to try and do what no one else could do – stop the fraud.

11. Mr. Gammino virtually eliminated international payphone fraud at the Bus Terminal. The solution invented by Mr. Gammino comprises an algorithm that can distinguish international calls from other types of calls and can selectively prevent international calls (the "Solution").

12. The Port Authority recognized Mr. Gammino's Solution when it said that the pay phone fraud problem was virtually eliminated at the Bus Terminal due to the technological changes that Mr. Gammino implemented.

## PATENTS

13. Mr. Gammino filed for patent protection for the Solution, which ultimately resulted in U.S. Patent No. 5,809,125 ("the '125 Patent") being duly and legally issued to Mr. Gammino on September 15, 1998, and U.S. Patent No. 5,812,650 ("the '650 Patent") being duly and legally issued to Mr. Gammino on September 22, 1998 (collectively, the "Gammino

Patents"). Copies of the Gammino Patents are attached hereto, made a part hereof, and marked as Exhibits "A" and "B," respectively. Hereinafter, for the time period after September 15, 1998, the Solution may be referred to as the "Patented Solution."

14. The '125 Patent and '650 Patent relate to methods and apparatus for preventing potentially fraudulent international telephone calls.

15. A telephone call is initiated by dialing a sequence of signals. Each dialing sequence is made up of a "plurality" of dialing signals. A plurality is a set of two or more signals. For example, dialing "101-0288-011-41-21-619-0670" would be an attempt to make an international call and as an example, the call could be analyzed for the purposes of the Patents as follows: the first plurality (or set) is 101, the second plurality is 0288, and the third plurality is 011. The first plurality is a code that provides access to carriers, the second plurality identifies the specific carrier selected and the third plurality indicates that the call is a direct dialed international call. As an example, at least one of the claims of the '125 or '650 Patent covers the prevention of the establishment of a telephone call if (1) the third plurality of dialing signals are determined to be (a) in a location in the dialing sequence to accomplish international dialing and (b) be predetermined signals used for international dialing and (2) the first plurality of dialing signals are determined to be predetermined signals.

## COUNT I

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,809,125

16. The averments in paragraphs 1 through 15 above are incorporated herein by reference.

17. Cincinnati Bell and Ohio Bell have used and continue to use Mr. Gammino's Patented Solution in order to prevent fraudulent international telephone calls, resulting in millions of dollars in savings.

18. Cincinnati Bell and Ohio Bell offer the Patented Solution for a profit and collect revenues from others in connection with the deployment of the Patented Solution in pay phones and other devices.

19. Cincinnati Bell and Ohio Bell are using the methods in the claims of '125 Patent and '650 Patent in its payphones, network switches, PBX lines, Centrex lines, Business Exchange lines and other lines.

20. Cincinnati Bell and Ohio Bell have infringed and continue to infringe the '125 Patent and '650 Patent with their international blocking service.

21. As a result of the foregoing conduct, Cincinnati Bell and Ohio Bell infringe on one or more of the claims of the '125 Patent under 35 U.S.C. § 271(a) and have caused Mr. Gammino damages as a direct and proximate result thereby. Cincinnati Bell and Ohio Bell are liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '125 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, and other damages.

22. Mr. Gammino's damages resulting from Ohio Bell's infringement of both the '125 Patent and '650 Patent include, but are not limited to, the loss of greater than $7.29 million to date in royalty fees resulting from Ohio Bell's use of the Patented Solution in public lines ("Public Line Use Damages Caused by Ohio Bell"). Mr. Gammino's damages resulting from Cincinnati Bell's infringement of both the '125 Patent and '650 Patent include, but are not limited to, the loss of greater than $914,720.00 to date in royalty fees resulting from Cincinnati Bell's use of the Patented Solution in public lines ("Public Line Use Damages caused by Cincinnati Bell"). Mr. Gammino's damages further include the loss of millions of dollars in

royalty fees resulting from Cincinnati Bell's and Ohio Bell's use of the Patented Solution in some portions of its business lines and consumer lines.

## COUNT II

### INFRINGEMENT OF UNITED STATES PATENT NO. 5,812,650

23. The averments in paragraphs 1 through and including 22 above are incorporated herein by reference.

24. The actions of Ohio Bell as set forth above constitute infringements of one or more of the claims of the '650 Patent under 35 U.S.C. § 271(a) and have caused Mr. Gammino damages as a direct and proximate result thereby. Ohio Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '650 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages, and other damages.

25. The actions of Cincinnati Bell as set forth above constitute infringements of one or more of the claims of the '650 Patent under 35 U.S.C. § 271(a) and have caused Mr. Gammino damages as a direct and proximate result thereby. Cincinnati Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '650 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages Caused by Cincinnati Bell and other damages.

## COUNT III

### INDUCEMENT TO INFRINGE UNITED STATES PATENT NO. 5,809,125

26. The averments set forth in paragraphs 1 through 25 above are incorporated herein by reference.

27. The actions of Ohio Bell as set forth above constitute an active inducement to infringe the '125 Patent under 35 U.S.C. § 271(b) and have caused Mr. Gammino damages as a direct and proximate result thereby. Ohio Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '125 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages Caused by Ohio Bell, and other damages.

28. The actions of Cincinnati Bell as set forth above constitute an active inducement to infringe the '125 Patent under 35 U.S.C. § 271(b) and have caused Mr. Gammino damages as a direct and proximate result thereby. Cincinnati Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '125 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages Caused by Cincinnati Bell, and other damages.

## COUNT IV

## INDUCEMENT TO INFRINGE UNITED STATES PATENT NO. 5,812,650

29. The averments set forth in paragraphs 1 through 28 above are incorporated herein by reference.

30. The actions of Ohio Bell as set forth above constitute an active inducement to infringe the '650 Patent under 35 U.S.C. § 271(b) and have caused Mr. Gammino damages as a direct and proximate result thereby. Ohio Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '650 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages Caused by Ohio Bell, and other damages.

31. The actions of Cincinnati Bell as set forth above constitute an active inducement to infringe the '650 Patent under 35 U.S.C. § 271(b) and have caused Mr. Gammino damages as

a direct and proximate result thereby. Cincinnati Bell is liable to Mr. Gammino for all damages suffered by Mr. Gammino as a result of the infringement of the '650 Patent including lost income, profits, and/or royalties, the elimination and/or reduction of business opportunities, market erosion, the Public Line Use Damages Caused by Cincinnati Bell, and other damages.

WHEREFORE, Plaintiff John R. Gammino prays:

(a) that Cincinnati Bell be adjudged to have infringed United States Letters Patent No. 5,809,125;

(b) that Cincinnati Bell be adjudged to have infringed United States Letters Patent No. 5,812,650;

(c) that Cincinnati Bell, its respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently enjoined from infringing United States Letters Patent No. 5,809,125;

(d) that Cincinnati Bell, its respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently enjoined from infringing United States Letters Patent No. 5,812,650;

(e) that Cincinnati Bell account for damages to John R. Gammino for its infringement of United States Letters Patent No. 5,809,125;

(f) that Cincinnati Bell account for damages to John R. Gammino for its infringement of United States Letters Patent No. 5,812,650;

(g) that Ohio Bell be adjudged to have infringed United States Letters Patent No. 5,809,125;

(h) that Ohio Bell be adjudged to have infringed United States Letters Patent No. 5,812,650;

(i) that Ohio Bell, its respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently enjoined from infringing United States Letters Patent No. 5,809,125;

(j) that Ohio Bell, its respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of the Order, be preliminarily and permanently enjoined from infringing United States Letters Patent No. 5,812,650;

(k) that Ohio Bell account for damages to John R. Gammino for its infringement of United States Letters Patent No. 5,809,125;

(l) that Ohio Bell account for damages to John R. Gammino for its infringement of United States Letters Patent No. 5,812,650;

(m) that the damages in this judgment be trebled in accordance with 35 U.S.C. § 284 for the willful and deliberate infringement of United States Letters Patent No. 5,809,125;

(n) that the damages in this judgment be trebled in accordance with 35 U.S.C. § 284 for the willful and deliberate infringement of United States Letters Patent No. 5,812,650;

(o) that John R. Gammino be awarded punitive and exemplary damages against Cincinnati Bell and Ohio Bell;

(p) that an assessment be awarded to plaintiff of interest on the damages so computed;

(q) that the Court declare this case exceptional and award John R. Gammino his reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

(r) that John R. Gammino receive such other and further relief as this Honorable Court shall deem just and proper.

Respectfully submitted,

Peter M. Burrell (0044139)
Nathan H. Blaske
Rayan Felix Coutinho
Wood & Lamping LLP
600 Vine Street, Suite 2500
Cincinnati, OH 45202-2491
Attorneys for Plaintiff

OF COUNSEL:

FLAMM, BOROFF & BACINE, P.C.
WILLIAM M. MULLINEAUX
FRANK SCHWARTZ
794 Penllyn Pike
Blue Bell, PA 19422
(267) 419-1500
Attorneys for Plaintiff

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues so triable.

Peter M. Burrell

264452.3